IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-20-0206 |
| | * | |
| JAMES MAYNARD, JR., | * | |
| Defendant. | * | |
| | * | |

**********

## CONSENT MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America respectfully moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On July 21, 2020, the Grand Jury for the United States District Court for the District of Maryland returned an Indictment against the defendant for: one count of Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a); one count of Coercion and Enticement, in violation of 18 U.S.C. § 2422(b); one count of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470, and one count regarding Penalties for Registered Sex Offenders, pursuant to 18 U.S.C. § 2260A.

2. On August 3, 2020, an initial appearance on the Indictment was held. The defendant consented to pretrial detention, and the defendant was ordered detained.

3. An arraignment has not yet been held in this matter, due to certain limitations in the Magistrate Judges' docket, pursuant to the Covid-19 pandemic health emergency. Additionally, retained defense counsel in this matter, Joe Stolz, Esq., has been unavailable for a hearing due to a health issue. However upon consultation with defense counsel in this matter, neither party objects to a delay in the scheduling of the arraignment, as the parties have initiated discussions

regarding a potential resolution in this matter. In the event that a resolution does not materialize, both parties will jointly contact the Court to schedule an arraignment.

4. The undersigned counsel for the government has consulted with counsel for the defendant, who has no objection to this motion.

5. Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.

6. Periods of delay which would extend the time within which trial should commence include delay resulting from pretrial motions, including this motion, and anticipated pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(D). A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(D). Periods of delay which would extend the time within which trial should commence also include "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). Although § 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of different proceedings and events concerning a defendant. The U.S. Court of Appeals for the Fourth Circuit has interpreted "other proceedings" to include plea negotiations. *U.S. v. Keita*, 742 F.3d 164, 188 (4th Cir. 2014). Thus, the period during which the parties engage in plea discussions is excludable from the Speedy Trial calculation under § 3161(h)(1). Additional time through the hearing and/or prompt disposition of such motions shall also be excluded pursuant to § 3161(h)(1)(D).

7. Other periods of delay which would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day

speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).  Factors which the Court must find applicable in order to make this finding are listed in Section 3161(h)(7)(B) and include the following:

    a. "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

18 U.S.C. § 3161(h)(7)(B).

    8.    Further, in response to the COVID-19 pandemic related emergency declarations issued by the President of the United States and the Governor of the State of Maryland, this Honorable Court issued a series of standing orders excluding time under the Speedy Trial Act. These standing orders are based upon this Court's finding that the ends of justice served by excluding time and continuing trials outweigh the right to a speedy trial during the time period of

March 16, 2020 to July 31, 2020.  See Standing Order No. 2020-05, *In re Standing Orders*, Misc. No. 20-308 (ECF 97) and Standing Order 2020-11, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308, (ECF 103, 3-4).

9.  The government respectfully submits that the above factors are applicable to this prosecution and justify a postponement and continuation of the trial date beyond the speedy trial date.  Given the complexity of this case, the presence and volume of evidence obtained by the government, including electronic evidence, and the need to review evidence to determine if the defendant wishes to explore resolution short of trial, the government submits that, taking into account the exercise of due diligence, the defendant could not be ready to defend this case within the seventy-day period.  Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendant in a speedy trial.

Wherefore, the government respectfully requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(1)(D) and (h)(7)(A), for the period from August 3, 2020 to October 31, 2020, inclusive, upon which time the parties will file a joint status report with the Court regarding the status of this matter.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:      /s/
Christine Duey
Assistant United States Attorney