IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  SAG-20-206 |
| | * | |
| JAMES MAYNARD, JR., | * | |
| Defendant. | * | |
| | * | |

**********

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America submits this memorandum in aid of sentencing and respectfully requests that the Court sentence the Defendant to 230 months of imprisonment and a 25 year term of supervised release.

I.    Factual Summary

This case involves the online sexual exploitation of a 14-year old female victim who lives in Maryland.  This offense occurred around the Thanksgiving time period in 2019, which was a challenging time for the minor victim, because she had been placed with a foster family due to safety concerns within her biological family.  The Defendant was acquainted with members of the victim's biological family.  On November 28, 2019, the Defendant went to the victim's father's online Facebook profile page, and he saw a link to the minor victim's Facebook account, which was displayed on her father's Facebook.  The Defendant used this information to reach out to the victim via Facebook.  He initiated contact with her and started an online conversation with the victim.  He asked her how old she was, and the victim responded that she was 14-years-old.  The victim and the Defendant then engaged in friendly, innocuous online communication about innocent topics.

1

During this communication, the Defendant began to gradually introduce more intimate topics into the online conversation.  He complimented the victim's appearance and told her he thought she was beautiful.  He asked her to send him photos of her face.  He asked if she had a boyfriend and gradually began to ask her to send him more revealing photographs, such as images in her bathing suit.  The Defendant became increasingly sexual in his communications with the victim. He asked her to send him nude photographs of her body, and he eventually asked her to send him photos of her nude vagina.  He asked "are you alone?"  He encouraged her to take more and more photos, stating words like "Can I see more;" "Can I see full body;" "You fingering yourself now;" "Open it up and let me see."  The Defendant told the minor that he wanted to "finger you suck your breast and slide it in deep." He asked her "have you ever tried anal?" He asked the minor, "So if you get out to have sex where do you go;" and "Where could we go?"  He sent her photos of his penis and told her "you got me hard … very hard … open them legs wide and I'll slide in deep … you can feel it going in and out of you … show me a picture of your legs wide open … oh yeah push it deep in you … you fingering it."  In communicating with her, he explained, in lurid and graphic detail, numerous sexual acts, including a description of the sex acts that he wanted to perform on the victim.

The minor victim began to feel upset and anxious about the Defendant's communications. She regretted taking and sending photographs of herself.  She tried to delete the images, and she reached out to her biological mother for help.  Around this same time, Frederick County detectives and the Federal Bureau of Investigation initiated an investigation based on information obtained by the minor's foster mother.  Investigators reviewed the Facebook.com records and forensically

analyzed the tablet computer used to send the images to the Defendant, and they discovered approximately 28 sexually explicit images of the minor victim.

On December 5, 2019, a search warrant was executed at the Defendant's home, a residence in Boonsboro, Maryland, where he lived with his wife and two daughters. A forensic analysis of the Defendant's Samsung cell phone revealed several images relevant to the investigation, including a sexually explicit image of the victim. Forensic analysis also revealed that the Defendant used another computer in the residence to search the internet for sexually explicit search terms such as: "daddy and daughter sex;" "kids having sex;" "little girl nude;" "sex with a teen;" "young preteen nude;" and "16 year old nude."

When the Defendant was interviewed by investigators on December 5, 2019, he admitted that he communicated with the victim, and that he received illicit images of her naked body. At first, the Defendant attempted to minimize his conduct, by claiming that he thought that the victim was 19-years old. However, when he was shown a copy of his text communications, which detailed the victim disclosing her true age to the Defendant in their online communications, the Defendant admitted that he did know that she was a minor.

## II.    Advisory U.S.S.G. Sentencing Guidelines

The government concurs with the advisory guideline calculation set forth in the Presentence Investigation Report ("PSR"), and as detailed in the plea agreement, as follows:

| | | | |
|---|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) | PSR ¶ 18 |
| Minor's age: over 12, under 16: | +2 | U.S.S.G. § 2G2.1(b)(1)(B) | PSR ¶ 19 |
| Pattern of Prohibited Conduct | +5 | U.S.S.G. §4B1.5(b)(1) | PSR ¶ 24 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) | PSR ¶ 25, 26 |
| Total Offense Level: | 36 | | PSR ¶ 27 |
| | | | |
| Total Offense level: | **36** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 27 |
| Criminal History Category: | **II** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 31 |

Advisory Guideline Range:             210 - 262 months incarceration        PSR ¶ 58

## III.   Government's Position Regarding Imposition of Sentence

Considering the applicable enhancements to the offense level and the Defendant's Category II Criminal History, the PSR calculates the Defendant's advisory guideline range as 210 – 262 months incarceration.  PSR ¶ 58.  Additionally, there is a ten-year mandatory minimum jail sentence in this case.  PSR ¶ 57.  The government respectfully requests, considering all of the facts and circumstances of this case, including the Defendant's prompt coordination and resolution of this matter, that a 230 month term of confinement is a reasonable and appropriate sentence in this case.  The government also recommends that the Defendant be placed on a supervised release for 25 years.

## IV.   18 U.S.C. § 3553(a) Factors

### A. A 230 month sentence is necessary to reflect the seriousness of the offense, to provide just punishment, and to promote respect for the law.

The Defendant enticed a minor to take images of her naked genitals, and to send the images to him during the November 28 – 29, 2019 time period.  He encouraged her to masturbate and to send him numerous images, as he sent her images of his naked penis and described to her, in graphic detail, graphic sexual material.  He knew she was a minor and in a vulnerable position when he interacted with the victim. He made sure she was alone, and he asked her where they could go to meet for sex.  Very shortly after this conversation, the minor victim felt upset about sending the photographs, and she told her biological mother, who reached out to the Defendant on Facebook and told him to stop contacting the victim.

4

The impact that this crime had upon the victim was significant.  She has experienced anxiety, depression, shame and loss of trust.  She has also experienced guilt, feeling like she did something to contribute to this offense, and she and her adopted family have sought therapy and medical treatment for the victim, in order to help in her recover from this crime.

The Defendant knew the severity of his crime, which is demonstrated by his attempt to explain away his conduct when he was first confronted by investigators.  He denied that he had knowledge of her true age.  But, after being confronted with his own text communications, he admitted that he lied, and that he knew she was a minor.

A 230 month sentence is within the guideline range for this offense, and is a reasonable and appropriate sentence in this case.  It will provide just punishment for the Defendant's misconduct, and it reflects the seriousness of the Defendant's crime, while taking into account his acceptance of responsibility.  This sentence will also promote the Defendant's respect for the laws which prohibit the unlawful solicitation and enticement of minors on the internet.

B. **A substantial sentence is necessary to afford adequate specific and general deterrence and to protect the community.**

This Defendant admits that he enticed the minor victim to send him sexually explicit images via Facebook.  This is not the first time that the Defendant has used Facebook to have inappropriate communications with minors.  On October 11, 2013, a 15-year-old minor female in Baltimore told her father about an unknown man reached out to her via Facebook and made her uncomfortable.  The minor's father used his daughter's account to pretend to be his minor daughter, and he communicated via Facebook with the man, who was later identified as the Defendant.  Like in the present case, the Defendant started the online communication with innocuous conversation.  He asked the minor how old she was, and the father wrote back that she

was 15-years-old.  The Defendant then asked her to send him photos, and he sent her three nude images of himself.  The Defendant asked her to send nude photographs to him.  The minor's father ceased communication, and contacted the police.

After receiving the father's report, a Baltimore City police detective engaged the Defendant in communication, using an undercover online account.  The undercover detective sent the Defendant a Facebook friends request, posing as a 14-year-old female named Heidi.  Over the course of several months, the Defendant engaged the undercover in numerous sexually explicit conversations.  He sent the undercover detective two nude photographs and 2 photos of his penis. During the online conversations, the Defendant asked the undercover detective "u ever had sex;" "have you been licked below;" "what is your breast size;" "I like small … love to suck on them put in all in my mouth."  The Defendant also told the undercover detective that they could have anal sex without a condom and she would not have to worry about getting pregnant.  The Defendant also expressed concern regarding Heidi's age: "I got to be careful cause of your age;" "I can loose my security lic. my fire fighting and jail."  The Defendant asked the undercover detective posing as Heidi to send him nude photos of herself over 20 different times.

On October 17, 2014, the Defendant was convicted of "Sexual Solicitation of a Minor" in Baltimore City Circuit Court Case # 114121022, in violation of Maryland Criminal Code Ann. § 3-324.  The Defendant was sentenced to seven years of incarceration (six years and six months suspended) and four years of supervised probation.  He completed his term of probation about one year before the current offense occurred.  The Defendant was a registered sex offender at the time he committed the misconduct at issue in this case.

The Defendant's pattern of unlawful online communication with minors indicates a substantial risk of danger to minors, particularly minors using the internet and social media platforms such as Facebook. Regarding the forensic psychological examination report submitted by the Defendant in this matter, regarding the evaluation of the Defendant's risk for future recidivism, the Defendant's evaluator, Dr. Michael Deem, states that "Mr. Maynard's Static-2002R of 5 on is indicative of Above Average Risk." *Deem Report*, p. 16.[1] Dr. Deem also states that "Mr. Maynard's score of 2 is considered Average Risk" on the Static-99R test. *Id*. This information is very concerning, because it appears to indicate that the Defendant's risk to re-offend is not low – instead, it is scored by the Defendant's evaluator to be "Average" to Above Average." Because of this risk of danger to minors in the community, the government respectfully requests that the Court impose a significant jail sentence, and at least 25 years of supervised release, in an attempt to mitigate the risk of danger, and to protect the public from the Defendant in the future.

A significant sentence will act as a deterrent, and will specifically deter this Defendant from committing additional offenses while he is incarcerated and on supervised release. However, there is an equally urgent need to send a strong message to the community regarding the wrongfulness of the Defendant's conduct. Imposing a significant sentence will act as a deterrent, not just to the Defendant, but to other individuals in the general community. A 230 month sentence will send a strong message to the community, that those who use online platforms on social media to entice and coerce vulnerable minors to produce and send sexually explicit images, will be held

---

[1] The Government has requested that the Defendant provide the raw scoring data from the various different assessments referenced in Dr. Deem's report. To date, the Government has not received any underlying data.

accountable and will receive significant punishment for enticing the creation of these unlawful visual depictions.

## V.    Restitution

The victim, through her adopted parents, seeks restitution in this case.  Restitution is required pursuant to 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1.  PSR ¶¶ 14, 68-69.[2]  "When sentencing a defendant convicted of an offense described in subsection (c), the court shall order, … that the defendant make restitution to the victim of the offense."  18 U.S.C. § 3663A(a)(1). "The term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered … [i]n the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section." 18 U.S.C. § 3663A(a)(2). In the case of an offense resulting in bodily injury to a victim, the Defendant shall "(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment; and (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation."  18 U.S.C. § 3663A(b)(2).  This provision applies to plea agreements relating to charges for, any offense that is a crime of violence.[3]  18 U.S.C. § 3663A(c)(1)(a)(i).

---

[2] Restitution may also be ordered in this matter pursuant to 18 U.S.C. § 3663(a)(1)(A).

[3] 18 U.S.C. § 16 states the term "crime of violence" means - (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The adoptive parents of the minor victim have submitted a victim impact statement, and they submit that the victim has been proximately harmed as a result of the Defendant's commission of Coercion and Enticement in this case, in violation of 18 U.S.C. § 2422(b).  The victim's parents seek restitution for therapy and transportation costs resulting from the Defendant's crime against the minor victim.  *See United States v. Estep*, 378 F. Supp. 2d 763, 2005 U.S. Dist. LEXIS 19587 (E.D. Ky. 2005) (restitution award for past counseling costs and anticipated future therapy and counseling costs for three child sexual exploitation victims was warranted and was specifically mandated by statute); *United States v. Keelan*, 786 F.3d 865 (11th Cir. 2015), *cert. denied*, 577 U.S. 1087, 136 S. Ct. 857 (2016) (restitution order properly included cost of victim's mental health treatment.in case involving the use or attempted use of means of interstate commerce to knowingly persuade, induce, entice, or coerce minor to engage in any sexual activity); *United States v. Hayward*, 359 F.3d 631 (3d Cir. 2004).

The parents of the minor victim submit the following information, and request restitution in the following amounts:

1. Weekly mental health therapy counselling sessions with Trauma Specialist of Maryland.  Payments for these sessions started on January 5, 2021 and continued through June 2021, totaling **$1,550.00**.[4]

   a. Transportation costs associated with transporting the victim to weekly therapy sessions involve an eight mile round trip each week.  The IRS rate for business milage is $0.56 per mile (https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2021)(last accessed August 20, 2021).

   b. The monthly cost of transportation for four weekly eight mile trips equals $17.92 per month.  As such, the transportation costs for six months of weekly therapy session is approximately **$107.52**.

---

[4] Invoices related to past trauma therapy sessions and appointments with the psychiatrist are submitted in Exhibit A (filed under seal).

2. Monthly medical appointments with a Psychiatrist at Dagenhart and Associates, LLC. Payments for these appointments started on April 4, 2021 and continued through July 13, 2021, totaling **$180.00**.

    a. Transportation costs associated with transporting the victim to a monthly psychiatric appointment involve an eight mile round trip each month. The IRS rate, as described above, is $0.56 per mile.

    b. The monthly cost of transportation for one eight mile trips equals $4.48 per month. As such, the transportation costs for four months of monthly appointments is approximately **$17.92**.

3. Total restitution request for past expenses (noted in bold above) is **$1,860.44**.

4. Restitution request for future therapy and expenses: The parents of the minor victim request restitution for future expenses. The Government requested specific information related to the these anticipated future expenses, but has not yet received this specific information. The victim's parents submit that the victim will likely need therapy for years into the future. The victim's parents submit the following information for the Court's consideration:[5]

    a. The monthly cost of weekly therapy sessions (plus transportation) is anticipated to be approximately $137.92.

    b. The monthly cost of monthly psychiatric appointments (plus transportation) is anticipated to be approximately $34.48.

    c. The monthly costs of specialized group therapy (which is to begin after Covid-19 restrictions lift) is anticipated to be approximately $300.00.

    d. The yearly cost of adding the victim to the parent's insurance coverage (for therapy not covered by the victim's state insurance plan) is $589.42.

## VI.   Conclusion

---

[5] The Government has no additional information or documentation related to the anticipated future costs and expenses submitted by the victim in this matter. All documentation provided to the Government in this matter is contained within sealed Exhibit A.

For the reasons set forth above, the government respectfully submits that 230 months confinement and a 25 year term of supervised release is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:        /s/
                       Christine Duey
                       Assistant United States Attorney
                       Joyce King
                       Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served electronically via ECF to counsel of record for the defendant.

                       /s/
                       Christine Duey
                       Assistant United States Attorney