IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | |
| | * | |
| **JAMES MAYNARD, JR.,** | * | Criminal No. SAG-20-0206 |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

James Maynard, Jr., who is presently in Bureau of Prisons' custody serving a sentence of 150 months' incarceration, filed a *pro se* Motion for Compassionate Release. ECF 41. The Government filed an opposition, ECF 53, and no reply was filed.[1] Having considered the filings and their attachments, this Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Maynard's Motion will be DENIED.

**I.      Factual Background**

In the instant case, in November of 2020, Maynard pleaded guilty to coercion and enticement of a 14-year-old girl. ECF 19. The plea agreement Maynard reached with the Government resulted in dismissal of the lead charge, sexual exploitation of a minor. *Id.* Because Maynard previously had a 2014 conviction for sexual solicitation of a minor, his sexual exploitation count in this case would have carried a mandatory minimum sentence of either 25- or 35-years' incarceration. 18 U.S.C. § 2251(e). Another charge, invoking the penalties for registered

---

[1] While Maynard requested an extension of time to file his reply, ECF 56, which this Court granted, ECF 57, he failed to file a reply by his extended deadline.

sex offenders in 18 U.S.C. § 2260A, would have added a consecutive 10-year sentence to the other sentences Maynard received. That charge also was dismissed as a result of his guilty plea.

At sentencing, this Court considered the entire record, including Maynard's age and his health conditions, and imposed a downward variant sentence of 150 months incarceration. At present, Maynard has served about 61 months of that sentence. Maynard now seeks a reduction of his sentence to time served.

## II.     Analysis

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id.* § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.[2] *Id.* Once a motion is for compassionate release is properly filed, the Court determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

---

[2] The Government does not contest that this administrative prerequisite has been satisfied. ECF 53 at 7.

`

### a. Extraordinary and Compelling Circumstances

To meet the first element for consideration under the First Step Act, then, Maynard needs to demonstrate extraordinary and compelling circumstances justifying consideration of compassionate release. Read in totality, Maynard's motion suggests four reasons: (1) he has not received adequate health care in the BOP; (2) harsh conditions of confinement including toxic soil and water at his institution, FCI Fort Dix, along with pandemic-era restrictions on inmate movement; (3) his rehabilitation; and (4) difficulties encountered by his wife and daughter as a result of his absence, as detailed in their letters attached as exhibits to his filing. ECF 41 at 2–8, ECF 42, ECF 45, ECF 46.[3] None of those factors individually, or when taken in combination, amounts to extraordinary and compelling circumstances.

Taking each in turn, Maynard does not contest that he already suffered from both physical and mental conditions at the time of his sentencing, which were documented in his Presentence Investigation Report. ECF 23. While Maynard argues that his health care in BOP has been inadequate, his medical records show that he receives medication for his conditions and has regular medical appointments. *See, e.g.*, ECF 55 at 2–3, 10–11, 13–17. Despite his speculation about things that potentially could happen, Maynard has offered this Court no medical documentation showing a serious or significantly worsening health condition or an inability or unwillingness on the part of BOP to provide treatment for his medical conditions. This Court is cognizant that compassionate release can be appropriate if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). This Court does

---

[3] Maynard's motion to "exhibitize" the letters filed at ECF 45 and ECF 46 will be granted, in that this Court has considered the letters as exhibits to this motion.

not find those conditions to be present here. While Maynard undoubtedly requires certain specialized medical care for his preexisting conditions, this Court sees no evidence that he has been denied appropriate care or that his conditions have deteriorated (or will deteriorate) in a serious way.

Maynard also asserts, with no evidentiary support, that FCI Fort Dix has unsafe water, placing its inmates at risk. ECF 41 at 4–7. The Government has responded with records demonstrating that the tap water has met all relevant drinking water health standards each of the past four years. ECF 51-3, 51-4, 51-5, 51-6. Maynard's equally unsupported claim that BOP is providing more limited programming and recreation than it did pre-pandemic appears to rest on court cases from early 2021 and a double-hearsay statement "overheard" from an unidentified Fort Dix employee. Neither of these sources is persuasive to this Court.

Maynard claims that he has been rehabilitated, citing the fact that he has no disciplinary infractions during his incarceration. While this Court commends Maynard for the track record he has established, inmates are expected to avoid disciplinary infractions and the mere absence of any does not inherently show rehabilitation. But even if Maynard were assumed to be rehabilitated, Congress specified that rehabilitation alone cannot be considered an extraordinary and compelling reason for release. While it may be considered as one factor among several under § 3582(c)(1)(A), none of Maynard's other circumstances adds enough to the analysis to permit his rehabilitation to signify an extraordinary and compelling reason.

Finally, in their letters to this Court, Maynard's family members detail some of the hardships they have encountered as a result of his absence from their daily lives. This Court does not discount the difficulties they have experienced as a result of Maynard's incarceration, but notes that such difficulties are not unique to this case. The incarceration of a family member, particularly

one who had previously contributed financially to the family's sustenance, always creates grave challenges for the others in terms of day-to-day living and missing emotional support. "The simple fact is that the [c]ourt is confronted on a regular basis with the fact that defendants who are incarcerated are separated from their families, including a spouse, a child, even newborn children. For that reason, those circumstances simply cannot be considered as extraordinary." *United States v. Pilgrim*, No. 3:19-cr-50-01, 2021 WL 2003548, at *3 (E.D. Va. May 19, 2021).

Ultimately, this Court has thoroughly considered Maynard's medical conditions and capacity for self-care, his assertions regarding the environmental conditions and restrictions at Fort Dix, his proffered rehabilitation, and his family circumstances, and has determined that they are not, either individually or in totality, extraordinary and compelling reasons justifying further consideration of compassionate release. Accordingly, Maynard is ineligible for further consideration of compassionate release.

### b. § 3553(a) Factors

Even had Maynard established an extraordinary and compelling reason entitling him to further consideration, 18 U.S.C. § 3553(a) prescribes the factors the Court must assess in determining whether it should reduce a defendant's sentence. *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Logan*, Crim. No. CCB-10-0203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" (4) "the need for just punishment," and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Of course, these are the same factors this Court considered just over three years ago in deciding which sentence to impose in this case. This

`

Court does not believe any of the factors have changed materially from the time of that analysis. Maynard's history and characteristics, which include a prior conviction for this same type of grave sexual offense, continue to militate in favor of a significant sentence. Maynard's present medical history (which is not meaningfully altered from the time of his arrest) does not impact his ability to engage in future crimes or pose a significant danger to minors he encounters in an online setting. The nature and circumstances of the offense remain extremely serious. And, if anything, the very favorable plea agreement Maynard received places his sentence at the lower end of the sentences that would be afforded similarly situated defendants (most of whom would receive the mandatory minimum penalties associated with the more serious charges). A further reduction would create an even more unwarranted disparity. Finally, a sentence of time served simply would not constitute just punishment for a second offense involving sexual exploitation of a young teen victim.

In total, then, all of the § 3553(a) factors weigh against reducing Maynard's sentence, even assuming that he had been able to demonstrate the extraordinary and compelling reason needed to trigger such analysis.

### III.   Conclusion

In conclusion, after considering all of the relevant factors, this Court concludes that Maynard has not established an extraordinary and compelling reason to justify accelerating his release, and that even if he had, his current sentence is most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Maynard's Motion for Compassionate Release, ECF 41, is DENIED.  A separate Order will issue.

DATED: January 27, 2025                         /s/
                                         Stephanie A. Gallagher
                                         United States District Judge